**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION**

| | | |
|---|---|---|
| AMANDA D. KNEAR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:11-CV-0138-TWP-DML |
| | ) | |
| TOWN OF CLARKSVILLE, INDIANA; TOWN OF CLARKSVILLE POLICE DEPARTMENT; TOWN OF CLARKSVILLE POLICE OFFICER BRYAN COBURN; TOWN OF CLARKSVILLE POLICE OFFICER WILLIE WEATHERFORD; TOWN OF CLARKSVILLE POLICE OFFICER DWAIN TOWNSEND; TOWN OF CLARKSVILLE POLICE OFFICER DREW ABELL; CHIEF OF POLICE, DWIGHT INGLE, in his capacity as Clarksville Chief of Police; GREGORY ISGRIGG, PRESIDENT CLARKSVILLE TOWN COUNCIL; PAUL L. KRAFT, VICE PRESIDENT CLARKSVILLE TOWN COUNCIL; RAYMOND (GENE) RICHERT, CLARKSVILLE TOWN COUNCIL; DONALD W. TETLEY, SECRETARY CLARKSVILLE TOWN COUNCIL; DAVID A. FISHER; BOB POPP, CLARKSVILLE TOWN COUNCIL; VICKI APPLEBY AND CHRIS STURGEON | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

**ENTRY ON DEFENDANTS' MOTION TO DISMISS**

Plaintiff Amanda Knear ("Ms. Knear"), brought this lawsuit after she sustained injuries from a taser gun, which was deployed by a police officer of the Clarksville Police Department. Ms. Knear has sued a multitude of Defendants, including: (1) the Town of Clarksville, Indiana; (2) the Clarksville Police Department; (3) Clarksville Police Officers Bryan Coburn, Willie

Weatherford, Dwain Townsend, and Drew Abell; (4) the Clarksville Chief of Police, Dwight Ingle, in his official capacity; (5) the individual members of the Clarksville Town Council, which include Gregory Isgrigg, Paul Kraft, Raymond (Gene) Richert, Donald Tetley, David Fisher, Bob Popp, and Vicki Appleby; and (6) the Clarksville Town Attorney, Chris Sturgeon.

Now, the individual members of the Clarksville Town Council, the Clarksville Town Attorney, the Chief of Police, and the Clarksville Police Department (for purposes of the present motion, the moving Defendants will be referred to collectively as "Defendants") have moved for dismissal under Fed. R. Civ. P. 12(b)(6). For the reasons explained below, Defendants' Motion (Dkt. 8) is **GRANTED**.

## I.  BACKGROUND

Ms. Knear's complaint alleges that, on January 23, 2011, she overdosed on a large amount of medications while at her residence in Clarksville, Indiana. The overdose incapacitated her and required medical assistance. Clark County EMS responded and provided assistance, including transportation to the hospital. Ms. Knear had multiple seizures while being treated by EMS personnel.

From there, Ms. Knear's complaint states as follows: "Officer Bryan Coburn . . . used his police issued taser/stun gun and repeatedly tased or stunned Ms. Knear while she was incapacitated, strapped to the backboard and experiencing seizures." Further, "Officer Coburn admits to tasing Plaintiff at least two times." Based on Ms. Knear's medical records, "it is believed [that she] was tased or stunned more than ten . . . times in various locations on her body." According to Ms. Knear, the officer's actions were "unnecessary and excessive" and resulted in "severe and permanent injury" in the form of "numerous taser marks on various regions of her body." Therefore, Ms. Knear brought various Section 1983 claims against Defendants, alleging violations of the Fourth, Fifth, Eighth, and Fourteenth Amendments.

## II. STANDARD OF REVIEW

When reviewing a 12(b)(6) motion, the Court takes all well-pleaded allegations in the complaint as true and draws all inferences in favor of the plaintiff. *Bielanski v. County of Kane*, 550 F.3d 632, 633 (7th Cir. 2008) (citations omitted). However, the allegations must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests" and the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Pisciotta v. Old Nat'l Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007)). Stated differently, the complaint must include "enough facts to state a claim to relief that is plausible on its face." *Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009) (citations omitted). To be facially plausible, the complaint must allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citation omitted).

## III. DISCUSSION

### A. Undisputed Issues

Ms. Knear concedes that she does not have a viable claim against the Clarksville Police Department or the Clarksville Town Attorney, Chris Sturgeon. Accordingly, the Court grants Defendants' Motion to the extent it applies to those two Defendants.

### B. Dwight Ingle, Chief of Police

Ms. Knear is suing Dwight Ingle in his official capacity as Chief of Police of the Clarksville Police Department. Ms. Knear's Complaint against Chief Ingle alleges that he had a "direct supervisory role of Officers"; was "responsible for their hiring, firing, retention, and training"; and is "directly responsible for the implementation of policies, customs, and procedures of the Clarksville Police Department". According to Ms. Knear's complaint, Chief

Ingle implemented policies "that directly infringed on" her constitutional rights and "failed to adequately train . . . officers."

"Official-capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (quoting *Monell v. Dept. of Social Services of City of New York*, 436 U.S. 658, 690 n.55 (1978)). "As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Id*. (citation omitted). Here, Ms. Knear has already sued the Town of Clarksville; thus, her claim against Chief Ingle, in his official capacity, is merely a re-statement of the claim against the Town, rendering it superfluous. *See Crawford v. City of Muncie*, 655 N.E.2d 614, 618 (Ind. Ct. App. 1995) ("By suing Chief Scroggins in his official capacity, Crawford merely stated, or actually re-stated, a claim against the City of Muncie."); *Graham*, 473 U.S. at 159 n.14 ("There is no longer a need to bring official capacity actions against local government officials, for under *Monell, supra,* local government units can be sued directly for damages . . ."); *Smith v. Metropolitan School Dist. Perry Township*, 128 F.3d 1014, 1021 n.3 (7th Cir. 1997) ("Because Smith's suit is also against the entity, i.e., the School District and School Board, her claims against the principal and assistant principal, in their official capacities, are redundant."); *Castronovo v. County of Winnebago*, 2011 WL 5239232, at *3 (N.D. Ill. Nov. 1, 2011) ("[I]t is redundant to sue both the county and individual county board members acting in their official capacity…. Accordingly, the defendants in their official capacities, other than the County of Winnebago, are dismissed from this case."). That reasoning applies with equal force here. Accordingly, Ms. Knear's claim against Chief Ingle, in his official capacity, is dismissed.

### C.     Clarksville Town Council Members

Ms. Knear does not have a plausible claim against the individual Town Council members. First, the Town Council is a legislative body that has only an indirect relationship with the police department. *See* Ind. Code § 36-5-2-2 ("The town council . . . is the town legislative body."); *Sheridan v. Town of Merrillville*, 428 N.E.2d 268, 272 (Ind. Ct. App. 1982) (the Town Board's "control of the police department is indirect and it was not intended that the Town Board would be involved in the actual operation of the department"). And, importantly, "local legislatures are absolutely immune from legislative acts." *Rateree v. Rockett*, 852 F.2d 946, 949 (7th Cir. 1988) (citation omitted). Second, as Defendants note, Ms. Knear's complaint "is devoid of any specific factual content or allegation of any act or omission on the part of the Town Council Members." (Dkt. 9 at 7.) For these reasons, Ms. Knear's claim against the Town Council Members is implausible and is therefore dismissed.

### IV.  CONCLUSION

For the foregoing reasons, the Defendants' Motion to Dismiss (Dkt. 8) is **GRANTED**. The following Defendants are hereby terminated from this lawsuit: the Town of Clarksville Police Department, Dwight Ingle (in his official capacity as Chief of Police), Gregory Isgrigg, Paul Kraft, Raymond (Gene) Richert, Donald Tetley, David Fisher, Bob Popp, Vicki Appleby and Chris Sturgeon.

SO ORDERED.    04/16/2012

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Dwight Timothy Born
TERRELL BAUGH SALMON & BORN LLP
tborn@tbsblaw.com,jhagan@tbsblaw.com

William Perry McCall , III
MOSLEY BERTRAND JACOBS & MCCALL
wmpm3@msn.com,intskaggs@hotmail.com

Shawn M. Sullivan
TERRELL BAUGH SALMON & BORN
ssullivan@tbsblaw.com,mbrothers@tbsblaw.com